UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**FILED**

**July 2, 2021**

KAREN MITCHELL

CLERK, U.S. DISTRICT

COURT bb

| | | |
|---|---|---|
| James   L. Rudzavice | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil No._____4:21-CV-176-P |
| | § | AMENDED COMPLAINT |
| Warden Eric Wilson | § | DEMAND FOR JURY |
| B.P. Waller,Unit Manager | § | |
| S.Williams,Unit Manager | § | |
| Defendants | | |

---

## 28 USC § 1331 "BIVENS" CIVIL ACTION

---

COMES NOW,Plaintiff James L. Rudzavice    , Pro Se who presents the following civil suit complaint for punitive and compensatory damages for the following arising from Constitutional violations Deliberate Indifference,Reckless Indifference,Inhumane conditions of confinment,violation of duty of care 18 USC § 4042,and the 8th Amendment.

### JURISDICTION AND VENUE

(1)   This court has jurisdiction pursuant to 28 USC § 1331 and 1343(3)-(4).The matter in controversay arises under the color of Federal Law under "Bivens,"in their individual capacities.

(2)   Venue properly lies in the District Court pursuant to 28 USC § 1391(b)(2),because said events giving rise to this cause of action occurred at Federal Medical Center,in Fort Worth Texas and is located in the Northern District of Texas,Ft.Worth Division.

### PREVIOUS LAW SUITS

(3)   Plaintiff has filed no other lawsuits pertaining to this or any other cause of action relevant to his imprisonment.

PARTIES

(4) Plaintiff   James L. Rudzavice                          is and has been
confined at the Federal Medical Center,an Administrative low at
3150 Horton Rd,Ft.Worth Tx 76119 for all relevant times and
purposes of this civil suit, and is an adult and resident of the
State of Texas due to Incarceration.

(5)   Defendant,Eric Wilson,Warden of FMC.Ft.worth at all relevant
times was employed by the F.B.O.P. as the Warden of FMC Ft.Worth,
3150 Horton Rd,Ft.Worth Tx 76119,charged with the custody and
care of the plaintiff [18 USC § 4042] Warden.Wilson is the highest
Authority responsible for the appointment,employement and over-
sight of facility staff,oversight of facility operations and
generally is the final authority over inmates institutional
grievances and concerns.At all times relevant Warden Wilson acted
under the color of federal law and in his individual capacity.

(6)   Defendant, BP.Waller was at all relevant times Unit Manager
for both Houston and Austin Units,was his responsibility for all
Inmates housed in those units for the day-to-day operations
has failed his duty pursuant to 18 USC § 4042 and is and was
Deliebrately indifferent due to his failure to protect inmates
to excessive risks,recklessly indifferent to those inmates
Constitutional rights.

(7)   Defendant S.Williams,the current Unit Manager for Houston
was compount Lt. prior is and was at all relevant times in charge
of the welfare of all inmates and now inmates in Houston Unit
took no mitgating measures to protect inmatos,has failed his duty
took not mitigating measure to change inhumane conditions of
confinement prior to or after the virsu is Recklessly Indifferent
to inmates constitutional rights.

2

PRE-EXISTING INHUMANE CONDITIONS OF CONFINEMENT

(8)   Before unnecessarily exposed to Covid-19 plaintiff was exposed to Constitutional violations,Inhumane conditions of confinement that falls short of the 8th Amendment requirement, it existed and still exists,lack of sanitation,filthy and overcrowded units, and bathrooms inconsistent with 8th Amendment standards of civilized measures.

(9)   Inadequate ventilation in bathrooms which there are a total of 8,6 urinal and 6 sinks for an average of 200-340 inmates at any given time.

(10)   The pre-existing conditions are inhumane,because not only not enough adequate ventillation,not enough bathrooms that at times inmates have defecated in the showers leaving behind human toxic waste, bathrooms smell like fecal matter alot of the time, urine on the floor with few toilets and lack of adequate ventillation and lack of adequate space which causes tension and is a breeding ground for disease[before and after covid-19].See Brown v. Plata, 563 US 473,131 S.ct 1910(2011).

(11)   Due to the significant number of inmates use of the toilets ect which is a ratio of 28 to 1 or if full capacity 48.7 to 1 for each toilet,there is not enough hours in the day to keep this type of usage clean.

(12)   Unsanitary conditions that are severe or prolonged can "[U]nquestionably violate the 8th Amendment,"Anderson v. Libby Lobby Inc.,477 US 242,106 S.ct 2505(1986);Hudson v. McMillian,503 US 1,9,112 S.ct 9956 (1992).

(13)   Deprivation of adequate facilities [toilets ect] for elementary sanitation that the [Fifth Circuit] has observed gives rise to Unconstitutional confinement."Daigre v. Maggio,719 F.2d 1310(5thcir 1983).

3

(14)   Prison officials [all named defendants in their individual capacities] all aware of the objectively serious conditions of confinement and denial of Civilized Measures of Life's Basic Necessities that violate the 8th Amendment, all aforementioned defendants acted with a culpable state of mind in regards to continued excessive risks of harm and future harm,clearly demonstrating Deliberate Indifference under both objective and subjective prongs.See Wilson  v. Seiter,501 US 294,111 S.ct 2321 (1991).

(15)   The living conditions fall short of Constitutional requirements as as policy as stated in PS § 1060.11

(16)   At full capacity each Unit has over 200 Inmates plus it keeps increasing even during lockdown or modified lockdown,because the toilet to inmate ratio is Unconstitutional on its own,combined with no enough space,ventillation and covid-19 makes it cruel and unusual punishment.

(17) "Certain prison conditions [are] base,inhumane and barbaric that they violate the 8th Amendment."Novak v. Beto ,455 F.2d 661 (5thcir 1971);Palmer v. Johnson,193 F.3d 346 (5thcir 1980).

(18)   Lack of soap,lack of living space,lack of basic necessities,lack of ventillation,sanitation ect...combined with overcrowded units before and after covid-19 violates the Contemporary Standards of Decency.

(19)   In no enviorment would these toilets ratio's be classified as humane,but instead unconstitutional,not withstanding overcrowded cells which violate policy, lack of ventillation and the lack of sanitation during and after pandamic.

4

(20)   Overcrowded prison create unsafe and unsanitary conditions, a large number of prisoners forced to share a small area, with very few toilets causes tension and is a breeding ground for disease.See Brown v. Plata,560 US 473 (2011).

(21)   " Overcrowded...bunk living arraingements violates both PS § 1060.11 and the 8th Amendment."See Haynes v. Bureau of Prisons,2020 U.S.Dist.Lexis 226683.

(22)   In Gates v. Collier,501 F.2d 1291(5thcir 1974),this district court observed that correctional standards require a minimum of 50 square feet of living space per inmate,to insure minimal lack of decency,and as a standard,by the BOP here is half the square footage per inmate in most areas which constitutes a violation of the 8th Amendment.

(23)  It is Deliberate Indifference to excessive risks of harm or future harm because all aforementioned defendants were or is aware of the inhumane conditions of confinment,but all turned a blind eye to this situation,therefore acted with a culpable state of mind in regards to excessive risks etablishes both prongs of Deliberate Indifference.

(24)  As stated in Newman v. Alabama,559 F.2d 203(5thcir 1975) population well over designed capacity sanitation and security is impossible to maintian,inadequate bathroom facilities,causing foul odors,lack of ventillation that violate the Public Health Standards.See also Ruiz v. Estelle,503 F.supp 2d 1265(5thcir 1980).

(25)    Inhumane conditions of confinement can take many forms

5

and is the deprivation of the minimal civilized measures of Life's necessities, which violate the 8th Amendment.See Hudson .v. Palmer 468 US 517,107 S.ct 3194 (1987).

The Inhumane conditions as stated resulted in" unquestionable" serious deprivation of basic human needs.See Rhodes v. Chapman, 452 US 337,101 S.ct 2392 (1981);Hudson v. McMillian,503 US 1,9,112 S.ct 995 (1992),because the aforementioned defendants knew but choose to ignore the situation acting "Recklessly Indifferent," to Plaintiff's constitutional rights and acted with a culpable state of mind in regards to Plaintiff's well being,the objective and subjective prongs of Deliberate Indifferent have been established of an 8th Amendment violation.See Farmer v. Brennan ,511 US 825, 114 S.ct 1970 (1994).

(26)    Plaintiff has established a pattern of similar violations arising from both the lack of due care and lack of supervision which is clearly inadequate as to obviously result in a Constitutional violation.See Thompson  v. Upshur,245 F.3d 447, 459 (5thcir 1991).

### COVID-19

(27)    The lack of due care and FMC Ft.Worth's inability to cope with covid-19 and prevent loss of life.by their [defendants] inadequate measures and failure to protect inmates, allowing covid-19 to carelessly spread rapidly by staff members failure to wear proper PPE equiptment in the beginning after going from unit to unit infecting all inmates including this Plaintiff.

The Constitutional prohibition of cruel and unusual punishment standard requires safe living quaters, including protection against infectious disease/virus for which the defendants failed and the end result violated plaintiff's 8th Amendment rights and caused loss of life.See Helling v. McKinney,509 US 25

(28)    Plaintiff's Incarceration amid Covid-19 otherwise violates his rights to constitutional conditions of confinement.

(29)    There dirty,filthy units are breeding grounds for disease, and continuous spead of Covid-19, because these units are packed, elbow to elbow in every stage of daily living and the pre-existing conditions as stated made it easy for the vast and widespread of Covid-19.

(30)    FMC FT.Worth,or more specifically the defendants failed to protect plaintiff by lack of meaningful mitigation actions to reduce the spread of Covid-19 until it was too late, they neither have the capacity,nor the ability to comply with Public Health Guidence to manage Covid-19 and absent relief measure [like reducing the  population] plaintiff was left helpless and unable to protect himself.

People in congregated enviorements,places where people live and sleep in close proximity face inherent dangers of re-contracting covid-19 over and over again and could eventually be loss of life.

(31)    Since FMC Ft.Worth is not able to keep contagious prisoners away from others,but instead continues to inter-mixing of infected inmates,including those who don't show symptoms sometimes carry the diseasse for the likelihood that all will [become] or has been infected or re-infected, because Plaintiff is forced to live in confined spaces for eating,sleeping,bathing,ect...where it is impossible to engage in the necessary social distancing to mitigate the risk of further transmissions. With these dire situations plaintiff fear for his life, because of the number of ill and deaths,the BOP's measures are not sufficient in potential to protect this plaintiff.

Correctional Officials [Defendants] have a Constitutional obligation to protect Incarcerated inmates from substantial risk of serious harm,but the Defendants has failed this obligation.See Farmer v. Brennan,511 US 825 ,828(1994). Indeed under the 8th Amendment prison officials "must provide humane conditions of confinement...must insure that inmates receive adequate Food, Clothing and Shelter,medical care and take reasonable measures to Guarantee the safety of inmates."Farmer v. Brennan,511 US 825 (1994),the loss of life and hospitalized prisoners [including those who died while waiting in medical awaiting help] during this pandamic and crisis,proves this Administration [Defendants] has failed this obligation and continues to ignore the serious problems.

(32) Under the 8th Amendment persons incarcerated have a right to be free from cruel and unsuaul punishment,as part of that right the Government must protect this Plaintiff from substantial harm for his safety now and in the future.See Farmer v. Brennan,511 US 825(1994);Estelle v. Gamble,429 US 97 (1976),this plaintiff faces and still faces a substantial risk of harm.

(33) The lack of due care and due dilligence by the defendants inadequate measure to protect this plaintiff during and after covid-19 by their lack of sanitation,lack of soap,no adequate ventillation, failure to reduce the population,bringing infected inmates into this prison during Covid-19,continously circulate new inmates to units and fix prior unconstitutional living conditions that amplified the spread of covid-19,units with no room to socail distance at 2 fet apart nevermind CDC's required 6 feet apart.

(34) In the beginning over a year ago staff took NO precautions until the infection was wide spread and it was unstoppable,even to the point where inmates were not allowed to wear masks to food service until it was full blown spread causing the unnecessary loss of life,staff help spread this contagious disease causing deaths in the double digits,when testing they cross-contaminated never changing gloves,storing all tests in the same bag, these

8

CONCLUSION

The actions by the defendants or lack thereof is Deliberate Indifference to excessive risks and a violation of Plaintiff's constitutional rights.

This obligation requires prison officials to protect inmates from infectious diseases such as Covid-19,but it's impossible due to the pre-exisiting inhumane conditions of confinment that only helped to facilitate the rapid spreading disease. Given the 8th Amendment is meant for protection of future harm as well as immediate harm to inmates,was not a novel problem for it instead placed excessive risk to plaintiff now and in the future.See Helling v. McKinney,509 US 25 (1993)("[H]aving stripped prisoners of virtually every means of self protection and foreclosed outside help,the government...i.e. defedants are not allowed to let the state of nature take its course,)which is exactly what happened. Prison officials violated their Affirmative obligation showing Deliberate indifference to risks of harm and future harm." Farmer v. Brennan,511 US 825 (1994)("[T]he objective component... is met upon showing that a prisoner faced a substantial risk of harm...that risk society choose not to tolerate.") subjective prong is met when an excessive risk of harm exists but prison officials choose to disregard it,because it is obduracy and wantoness by defendants,not inadvertance or error in good faith,not the case here establishes Deliberate Indifference.See Wilson v. Seiter,501 US 294,115 L.ed 2d 271(1991). Proximate or legal care is something more than "But for," causation it is substantial factor in these violations.See Chrisholm v. Sabrie,679 F.2d 60,66(5thcir 1982).

10

(38) Reduce overcroded population and change inhumane condition of confinement

(39) Order specific mitigating efforts for the future in line with CDC not just post signs saying so

(40) Insure that conditions of confinement thats inline with the 8th Amendment standards as well as policy put in place to protect inmates.

(41) Order BOP to pay all court fees ect because without this Unconstitutional breakdown due to deliberate indifference this case would not exist

(42) $125,000.00 sum certain per defendant for the unnecessary suffering and continoues suffering due to inhumane conditions of confinment as well as the violation of constitutional rights

(43) Any other relief deemed necessary or appropriate by this Honorable Court

(44) DEMAND FOR JURY TRIAL

11

AFFIDAVIT

I, James L. Rudzavice, herein "Affiant" being duly sworn, depose and say and declare by my signature that Affiant is competent to state matters included in his Affidavit and Civil Action, has knowledge of the facts and declares that to the best of his knowledge, the statements made in his Affidavit are True, Correct and not meant to mislead and herein states:

>    Reluctant to release of inmates, inaccurate pattern scores, repeatedly changing criteria for compassionate release/cares act failure to identify inmates such as myself with underlying medical issues in order to transfer to a less vunerable custody

>    Lack of Sanitation, lack of soap during crisis, inadequate ventillations [pre-condition], lack of enforcement of PPE equiptment of staff and inmates during crisis, lack of sanitation supplys due to prison officials failure to show up

>    Covid-19 testing less than half of inmate population was tested on FMC Compound until after the crisis, failure to test adequately Staff, failure to follow up testing in order to verify negative, positive and recoved status of inmates, continued influx of infected inmates, new inmates making it a substantial risk exposure living without Contemporary Standards of Decency, @70% positive test results [Lompac] vs. 75-80% at FMC Ft.worth, 8th Amendment right infringement "Cruel and Unusual" punishment, medical failed to treat and dispact of infected inmates resulting in DOUBLE DIGIT LOSS OF LIFE!

>    Breaches in social distancing.commissary 1x per week, laundry 1 pickup, 1 drop off, townhall meetings, tv/dayrooms gatherings dailey mainline[chow] 3 times per day-no room inline with CDC's social distance requirements [BOP just posted signs] nothing, inmates rooma ssignement less than 2 feet per inmate

>    Overcrowding/Over population 6 toilets, 6urinal, 6 sinks per 344 inmates, lack of bathroom ventillation always smells like fecal matter all cells are in violation with PS $ 1060.11 rated capacity i.e 200 ° overcrowded
ALL AFOREMENTIONED CONSTITUTIONAL VIOLATIONS STATED HEREIN DELIBERATE INDIFFERENCE BY ENTIRE STAFF DURING, BEFORE AND AFTER PANDAMIC
FAILURE AND LACK LUSTER EFFORTS TO PROTECT INMATES, WARDEN REFUSED TO ENTER COMPOUND DURING COVID-19
                VERIFICATION UNDER PENALTY OF PERJURY
    I, James L. Rudzavice, over the legal age, do declare, verify.affirm and/or state under the penalty of perjury that the foregoing is True, correct, complete and not misleading, the truth the whole truth and nothing but the truth, i have not divested any monies, property or items of for purpose of declaring, verifying this oath [28 USC $ 1746], 18 USC §: 1621

DATE: 6-29-21

_____
James L. Rudzavice

Clerk of the Court
U.S.Dist Court,N.Dist Texas,Ft.worth


James L. Rudzavice 36844177
Federal Medical center
P.O.Box 15330
Ft.worth,Tx 76119


RE: Case 4:21-CV-176-P


CLERK OF COURT,

Enclosed is copy of amended complaint also attached is docket sheet entry 3/08/21 9 pg 206 that shows receipt of certified trust account by this plaintiff assigned to this case number NOT any appeal  therefore I already complied with court order for Informa pauperis status and should have already been granted not misconstrued by this court as something I never filed it instead is a Stare Decisis violation,I have no access to certified trust account the dallas counselor refuses to fill them out I cannot get an updated trust fund account for the past 6 months because he is on vacation for how long I do not know instead I printed out the most recent off my account with another form except certied form with the copy of the run off from the last time I still qualify under the PLRA for In Forma Pauperis status,I have already been charged by this courts order over 300 hundred dollards for an appeal never filed,withdrawn and currently being filed with the senate

Without Prejudice UCC-207/308

## U.S. District Court
## Northern District of Texas (Fort Worth)
## CIVIL DOCKET FOR CASE #: 4:21-cv-00176-P

Rudzavice et al v. Wilson et al
Assigned to: Judge Mark Pittman
Case in other court:  USCA5, 21-10246
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 02/18/2021
Date Terminated: 03/23/2021
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner Pet/Other: Civil Rights
Jurisdiction: Federal Question

### Plaintiff

**James Rudzavice**

represented by **James Rudzavice**
#36844-177
BOP Fort Worth FMC
PO Box 15330
Fort Worth, TX 76119
PRO SE

### Plaintiff

**Juan Bautista**
#22850-479

### Plaintiff

**Andrew Berko**
#49341-177
BOP Fort Worth FMC
PO Box 15330
Fort Worth, TX 76119

### Plaintiff

**Mauro Gonzales**
#547772-177

### Plaintiff

**Charles Layne**
#28729-064
BOP Fort Worth FMC
PO Box 15330
Fort Worth, TX 76119

### Plaintiff

**Enrique Gamino-Perez**
#387223-051
BOP Fort Worth FMC
Federal Medical Center
PO Box 15330
Fort Worth, TX 76119

| | | |
|---|---|---|
| | | Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (npk) (Entered: 02/23/2021) |
| 02/23/2021 | 3 (p.182) | Notice and Instruction to Pro Se Party (npk) (Entered: 02/23/2021) |
| 02/25/2021 | 4 (p.183) | ORDER DENYING MOTION FOR CERTIFICATION OF A CLASS: It is therefore ORDERED that the incorporated motion/request for the Court to certify a class under Federal Rule of Civil Procedure 23 is DENIED. (Ordered by Judge Mark Pittman on 2/25/2021) (bdb) (Entered: 02/25/2021) |
| 02/25/2021 | 5 (p.190) | ORDER OF SEVERANCE: The complaint of James Rudzavice shall continue under this Civil Action No. 4:21-CV-176-P. The complaints of each of the other 186 named Plaintiffs shall be SEVERED into separate actions as to each Plaintiff, with a new cause number being assigned to each Plaintiff. (See Order for specifics) (Ordered by Judge Mark Pittman on 2/25/2021) (bdb) (Entered: 02/25/2021) |
| 03/01/2021 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:2,3,4. Mon Mar 1 12:50:42 CST 2021 (crt) (Entered: 03/01/2021) |
| 03/03/2021 | 6 (p.197) | MOTION to add more plaintiffs filed by James Rudzavice (npk) (Entered: 03/03/2021) |
| 03/04/2021 | 7 (p.201) | ORDER: It is therefore ORDERED that plaintiff Ruzavice's motion to add more parties (ECF No. 6 (p.197) ) is DENIED. It is further ORDERED that the clerk of Court shall send a copy of the Court's prisoner civil rights complaint form and prisoner in forma pauperis form, and a copy of this order, to inmates Michael Pringle (No. 45052-177) and Shea Thompson (No. 28759-031) at their BOP addresses of record. If either of these BOP inmates wants to file a civil suit in his own behalf, he must complete the form complaint and the in-forma-pauperis application, and return those forms to the clerk of Court. (Ordered by Judge Mark Pittman on 3/4/2021) (bdb) (Entered: 03/04/2021) |
| 03/04/2021 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:7. Thu Mar 4 14:57:46 CST 2021 (crt) (Entered: 03/04/2021) |
| 03/08/2021 | 8 (p.203) | MOTION for Reconsideration re 4 (p.183) Order, filed by James Rudzavice (npk) (Entered: 03/08/2021) |
| 03/08/2021 | 9 (p.206) | Certificate of Trust Account by James Rudzavice TDCJ # 36844-177. (npk) (Entered: 03/08/2021) |
| 03/08/2021 | 12 (p.218) | NOTICE OF INTERLOCUTORY APPEAL as to 5 (p.190) Order to Sever, to the Fifth Circuit, received from the Fifth Circuit for processing in this office on 3/12/2021,. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 |

21-10246.24

