PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 3 2021

CLERK, U.S. DISTRICT COURT

By_____
Deputy

JAMES L. RUDZAVICE 36844177
_____
Plaintiff's Name and ID Number

FMC Ft.worth
_____
Place of Confinement

CASE NO. __4:21-cv-176-P___
(Clerk will assign the number)

v.

Eric Wilson,Warden FMC Ft.worth
_____
Defendant's Name and Address

"BIVENS"pursuant to 28 USC § 1331

B.P.Waller Houston Unit Mngr FMC Ft.Worth
_____
Defendant's Name and Address

DEMAND FOR JURY TRIAL

Amended Complaint

S.Williams,Houston Unt Mngr,FMC Ft.worth
_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

_____

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.   To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.   Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.   You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.   When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.*)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES _X_ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit:_____

        2. Parties to previous lawsuit:

            Plaintiff(s)_____

            Defendant(s)_____

        3. Court: (If federal, name the district; if state, name the county.)_____

        4. Cause number:_____

        5. Name of judge to whom case was assigned: _____

        6. Disposition: (Was the case dismissed, appealed, still pending?) _____

        7. Approximate date of disposition:_____

II.    PLACE OF PRESENT CONFINEMENT: _FEDERAL MEDICAL CENTER  FORT WORTH_

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?          X YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A. Name and address of plaintiff: JAMES L.RUDZAVICE,James L. Rudzavice ,FMC FT. Worth, P.O.Box 15330,Ft.worth,Tx 76119

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Eric Wilson,Warden FMC Ft.worth,3150 Horton Rd,Ft.Worth Tx 76119

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
See attached due to list to lengthy pg 3a

Defendant #2: B.P.Waller,Unit Manger Houston Unit at all relevent times 3150 Horton Rd,Ft.worth Tx 76119 now in Grand Prarie 344 Marine Forces Dr.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
see attached due to list being to legthy pg 3b

Defendant #3: S.Williams,all relevant time Houston Unit Manager ,3150 Horton rd,Ft.Worth, Tx 76119

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
see attached due to list being to lengthy pg 3c

Defendant #4: n/a

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5:

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

3

Eric Wilson, FMC Ft.worth Warden at all relevent times involved,charged with the care of all prisoners including plaintiff,oversight of operations,staff and final authority over Plaintiff and all staff involved at FMC Ft.Worth in his individual capacity injured plaintiff due to Deliberate Indifference by his direct and in-direct failure to train,supervise his staff,by ignoring pre-existing unconstitutional conditions of confinment,the unnecessary exposure to deadly covid-19 and failure to protect plaintiff. Defendant caused Plaintiff to unnecessarily suffer for three weeks due to being infected with Covid-19 due to:

[1]          Defendant's failure to properly train,supervise staff to co-exist between Institution's [Working at infected instititutions and then FMC Ft.Worth] thereby recklessly infecting FMC Ft.worth medical facility.

[2]          Failure to remove vunerable inmates such as Plaintiff who is cronic care 3 and immuno deficient

[3]          Failure to supervise the proper wearing of PPE by staff [who walked without at times] and failure to properly train and supervise mitigating efforts that could have protected plaintiff,that would have saved numerous lives not just post signs claiming so.

[4]          Failing to Grant Compassionate Release,instead of allowing inmates to suffer with some dying.

[5]          Failure to train the proper use of sanitation,allowing shortage of soap during Covid-19 highest infection points.

[6]          Allowing transfers of new inmates from other BOP facilities before, after and  during Covid-19 starting from Febuary 2020  still affecting this Medical Center

[7]          Not properly training sub-ordinates NOT to move inmates from Unit to Unit during lockdown that persisted throughout covid-19 pandamic with any tests whatsoever.

[8]          Refusal to step onto any unit after covid-19 started,lacking this facility with supervision,training and control.

[9]          Pre-existing conditions of confinement [Unconstitutional] that allowed the rapid spread of Covid-19 causing harm such as:

     (a) lack of adequate ventillation,allowing Covid-19 to continously re-circulate through Houston Unit over and over again

     (b) lack of adequate sanitation due to overcrowded unit by 107%

     (c) Violation of PS § 1060.11

     (d)Violation of care of duty pursuant to 18 USC § 4042

     (e) lack of adequate facilities only 8 toilets 345 inmates,lack of adequate sanitation for 8 toilets due to 345 inmates,lack of bathroom ventillation,smell of fecal matter and fecal matter found in shower daily,this hazzardous waste due to lack of facilities in houston Unit

     (f) Allowing inmates to live stacked literally on top of each other during before covid-19

[10]          Violation of Plaintiff's Constitutioanl Rights

[11]          Failing to take any preventative measures to protect Plaintiff

     The complete failure to protect plaintiff in any manner,stating intentionally denying Compassionate Release,failure 8th Amendment guarantee of protection from highly infectious disease/virus,causing unnecessary suffering with possible side effects to plaintiff in the future.

B.P.Waller,at all relevant times Houston Unit Manager,3150 Horton Rd,Ft.worth Tx 76119,now at Regional Office in Grand Prarie 344 Marine Forces Drive,Grand Prarie Tx 76060 was resonsible for the care of Plaintiff,day to day operations of houston Unit and his Deliberate Indifference caused Plaintiff to suffer through Covid-19 for three weeks [for which he was abscent most of the time] with possible future harm due to:

[1]        His failure to train staff or supervise in the proper use and wearing of  PPE equiptment until well after the spread and full blown Covid-19 infectious disease was rampant
[2]        Failed to proerly train,supervise or to recognize Covid-19 signs and remove infected inmates to protect others such as Plaintiff
[3]        Failed to train or supervise in adequate mitigating efforts to protect inmates such as plaintiff,not just post signs
[4]        Failure to adequately provide or supervise supply of soap and sanitation supplys that ran out numerous times during pandamic
[5]        Took no preventative measures or precautions to protect plaintiff suchas reduce population,move vunerable inmates such as myself,install plastic protection doors every other unit installed until after the majority of pandamic failed to take any mitigating efforts in the unit except post signs
[6]        Failed to fix inhumane conditions of confinement that were Unconstitutional pre-existing Covid-19,making him recklessly indifferent in violation of plaintiff's 8th Amendment rights such as:
     (a)overcrowding 107% inmates literally stacked on top of one another and nothing done to allevaite after Covid-19
     (b)inadequate ventillation that helped the rapid spread of Covid-19 and the continoues re-circulating of this contagious virus despite previous greivances and civil actions
     (c) Inadequate sanitation before,aftering and during Covid-19 due to overcrowding
     (d) Inadequate facilities-up to 345 inmates 8 toilets,8 sinks,lack of adequate bathroom ventillation,bathroom smelling like fecal matter and fecal matter found in showers daily due to lack of facilities and overpopulated unit
     (e) violation of square footage pursuant to PS § 1060.11
[7]        Allowed new staff to enter unit with possible carrying of Covid-19 without testing
[8]        No adequate Covid-19 tests for inmates,staff hard to determine infected from uninfected until months of rampant covid-19 due to lack of supervision
[9 ]        allowed new inmates and inmates from other units to enter,move into Houtions during contagious spread of virus without prior screenings
[ 10        The lack of his presence to train or supervise anyone,to protect anyone including Plaintiff during epedemic
[11]        Lack of mitigating efforts before,during and after covid-19 with the exception of posting signs


        Defendant is directly responsible for the harm suffered,due to lack of test,lack of protection,even after recovery of plaintiff,was Deliberately Reckless indifferent to plaintiff constitutional rights and duty under 18 USC § 4042

3b

Tx 76119 was responsible for the care and safety of Plaintiff,day-to-day operations Houston Unit, was Deliberate Indifference to Plaintiff's safety,well being ,causing unnecessary suffering during covid-19 and after care with possible future harm due to:

[1]        His failure to train or supervise staff in the proper use of PPE equiptment and wearing masks
[2]        Failed to remove vunerable inmates from the path of Covid-19
[3]        Failed to adequately supply the provisions of soap and sanitation supplys that inmates did without due to shortage and running out continously
[4]        Failed to train,supervise or provide any mitiating efforts to protect plaintiff besides posting signs
[5]        Took no preventative measures or precautions to protect Plaintiff such as reduce population,move vunerable inmates,or install plastic protective doors that every other unit installed months before Houston who did only after grievances filed
[6]        Made no attemps to fix inhumane condition of confinement even after grievances which was recklessly indifferent to Plaintiff Constitutional rights in violation of the 8th Amendment such as:
          (A) Overcroding 107%,inmates literally stacked on top of one another
          (B) inadequate ventillation that helped the rapid spread of covid-19 and the continoues re-circulating of this contagious disease/virus despite previous grievances
          (C) Inadequate sanitation,before,after and during covid-19,due to overcrowding
          (D) Inadequate facilities-up to 345 inmates 8 toilets,8 sinks,lack of adequate bathroom ventillation,bathroom smelling like fecal matter most of the time and fecal matter found in showers dailey due to lack of facilities and overpopulated unit
          (E) Violation of square footage pursuant to PS § 1060.11

[7]        Allowed new staff to enter unit with possible carrying of covid-19 without any testing
[8]        No adequate Covid-19 test for inmate,staff so hard to determine infected from uninfected until months of rampant Covid-19 due to lack of supervision
[9]        Allowed new inmates and inmates from other units to circulate/enter, move into houston unit during contagious spread without prior screenings
[10]        The lack of his presence to train or supervise anyone,to protect anyone including Plaintiff during pandemic
[11]        Lack of mitigating efforts before,during covid-19 with the exception of posting signs
          Defendant is directly repsonsible for the harm suffered, due to lack of tests,lack of protection,even after recovery of plaintiff,was Deliberately Recklessly indifferent to plaintiffs constitutional rights and duty under 18 USC § 4042

3c

V.     STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

1) Eric Wilson,B P Waller,S Williams all ignored inhumane conditions of confine-

ment pre-existing before Covid-19 that ignited the entire unit with highly

infectious disease/virus Covid-19,all acted with a culpable state of mind in

regards to Plaintiff's well being and safety, all had known years prior because

3 were on this staff prior to Plaintiff's arrival on this compound all acted

Deliberate Indifferent

2) Even after lockdown April 1st,2020 Eric Wilson and B P Waller continued to

expose plaintiff to unnecesary risks of harm by continuing to bring new inmates

and rotate them into the units with no prior testing,Willaims as LT was just as

See continuation...

VI.    RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

See Prayer for Relief in Memorandum of Law

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

JAMES L RUDZAVICE, James L Rudzavice

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

N/A

VIII.  SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES  _X_ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division):_____

2. Case number:_____

3. Approximate date sanctions were imposed:_____

4. Have the sanctions been lifted or otherwise satisfied?                    ____YES ____NO

4

guilty as the other two defendants

3) Eric Wilson,B P Waller, S Williams failed to adequately train or supervise their staff in the risks of unnecessary exposure of Covid-19 from March 2020 that caused the unnecessary suffering of the Plaintiff due to contracting Covid-19 with the possible risks of future harm

4) All defendants took part in allowing and/or ignoring unnecessary risks to Plaintiff [April 1,2020 until present date] that caused Plaintiff's unnecessary suffering due to the exposure to Covid-19,because of Deliberate Indifference by failing to remove vunerable inmates that caused 100's of inmates to be sick for weeks at a time including Plaintiff,while causing unnecessary deaths of others by failing their duty under 18 USC § 4042,the 8th Amendment's cruel and unusual clause due to dirty and overcrowded units such as Houston

5) All Defendants herein covered up the disaster behind these walls [including Houston Unit] which was clearly refuted by the Star-Telegram newspaper

6) All defendants ignored sanitation and soap shortages,ventillation issues and refused to come to work alot of the time during March 2020-December 2020 while inmates got deathly sick [including Plaintiff] while other died

7) All defendants failed to adequately train or supervise in the importance of wearing PPE equiptment,masks and were quoted as saying during the pandemic June or July 2020 commissary employee when questioned about not wearing a mask stated "it's ok we will all get Covid together" clearly demonstrating Reckless Indifference

8) All Defendants par took in moving prisoners from unit to unit during March 2020 until the end of the high risk of covid-19 clearly jeopardizing every inmate in its path without adequate testing or quarantine procedures,failed to follow CDC guidelines mostly because they refused to lower the population enough to make a difference,due to overcrowding,lack of space,lack of ventillation and lack of staff or adequately trained staff

9) All defendants not only were scarce between April,1 2020 until early 2021 but took no precautions or preventative measures to protect this Plaintiff

10) All Defendants jeopardized the safety of plaintiff during period of April 1, 2020 until early 2021 by their failure to follow BOP procedures,not allowing inmates to wear masks during modified lockdown,before wide spread of Covid-19 causing Plaintiff to unnecessarily and greatly suffer for weeks due to such actions

11) All Defendants allowed unsafe conditions of confinement during covid-19 due to lack of proper social distancing,not allowing **Plastice protection doors to be installed** like every other unit until after to worst was over,ignoring pleas for help and clearly avoiding Houston Unit all together between March 2020 until early 2021

12) All relevant FACTS citied in Affidavit and Memorandum of Law are included in this factual argument

4a

C.  Has any court ever warned or notified you that sanctions could be imposed? _____YES _X_NO

D.  If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1.  Court that issued warning (if federal, give the district and division): _____

    2.  Case number: _____

    3.  Approximate date warning was issued: _____

Executed on: _7/20/21_
          DATE

                                           (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1.  I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2.  I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3.  I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____2oth_____ day of ____July____, 20 _21_.
             (Day)                 (month)          (year)

                                         (Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

5

AFFIDAVIT

I, James L. Rudzavice, herein "Affiant" being duly sworn, depose and say and declare by my signature that Affiant is competent to state matters included in his Affidavit and Civil Action, has knowledge of the facts and declares that to the best of his knowledge, the statements made in his Affidavit are True, Correct and not meant to mislead and herein states:

> Reluctant to release of inmates, inaccurate pattern scores, repeatedly changing criteria for compassionate release/cares act failure to identify inmates such as myself with underlying medical issues in order to transfer to a less vunerable custody

> Lack of Sanitation, lack of soap during crisis, inadequate ventillations [pre-condition], lack of enforcement of PPE equiptment of staff and inmates during crisis, lack of sanitation supplys due to prison officials failure to show up

> Covid-19 testing less than half of inmate population was tested on FMC Compound until after the crisis, failure to test adequately Staff, failure to follow up testing in order to verify negative, positive and recoved status of inmates, continued influx of infected inmates, new inmates making it a substantial risk exposure living without Contemporary Standards of Decency, @70% positive test results [Lompac] vs. 75-80% at FMC Ft.worth, 8th Amendment right infringement "Cruel and Unusual" punishment, medical failed to treat and dispact of infected inmates resulting in DOUBLE DIGIT LOSS OF LIFE!

> Breaches in social distancing.commissary 1x per week, laundry 1 pickup, 1 drop off, townhall meetings, tv/dayrooms gatherings dailey mainline[chow] 3 times per day-no room inline with CDC's social distance requirements [BOP just posted signs] nothing, inmates rooma ssignement less than 2 feet per inmate

> Overcrowding/Over population 6 toilets, 6urinal, 6 sinks per 344 inmates, lack of bathroom ventillation always smells like fecal matter all cells are in violation with PS $ 1060.11 rated capacity i.e 200 ° overcrowded
ALL AFOREMENTIONED CONSTITUTIONAL VIOLATIONS STATED HEREIN DELIBERATE INDIFFERENCE BY ENTIRE STAFF DURING, BEFORE AND AFTER PANDAMIC
FAILURE AND LACK LUSTER EFFORTS TO PROTECT INMATES, WARDEN REFUSED TO ENTER COMPOUND DURING COVID-19
VERIFICATION UNDER PENALTY OF PERJURY
I, James L. Rudzavice, over the legal age, do declare, verify.affirm and/or state under the penalty of perjury that the foregoing is True, correct, complete and not misleading, the truth the whole truth and nothing but the truth, i have not divested any monies, property or items of for purpose of declaring, verifying this oath [28 USC $ 1746], 18 USC §1621

DATE: 7/20/21

James L. Rudzavice

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAMES L. RUDZAVICE        §
          Plaintiff
                          §

vs.                       §        4:21-CV-176-P

Eric Wilson,Warden        §
B.P.Waller
S.Williams                §
      Defendants

------------------------------------------------------------------
MEMORANDUM OF LAW IN SUPPORT OF " BIVENS" ACTION
PURSUANT TO  28 USC § 1331
------------------------------------------------------------------

COMES NOW,Plaintiff James L. Rudzavice,Pro Se who files this "Memorandum of Law"in support of Bivens Action pursuant to 28 USC § 1331,arising from Constitutional violations,Deliberate Indifference,Inhumane conditions and unnecessary suffering as follows:

I. PRE-EXISTING INHUMANE CONDITIONS OF CONFINEMENT

The conditions of confinement before Covid-19 that clearly excerbated the progress and spread of covid-19 throughout FMC Ft.Worth,more specifically Houston Unit.

Before the exposure to covid-19 conditions in houston unit were Unconstitutional due to lack of adequate ventiallation "Poor air quality supports finding [as in this instant case] Constitutionally inadequate ventillation."Benjamin v. Fraser,343 F.3d 35(2ndcir 2003)(quoting Laube v. Campbell,979 F.2d 1115 (11thcir 1983).

Inadequate ventillation causing Covid-19 to continously circulate through the air,over and over again,as well as inadequate bathroom ventillation,the combination exposure to unknown chemicals and mold were so serious as to deprive [Plaintiff] of the minimal measures of lifes and protection from harm.See Woods v. Edwards,51 F.3d 577,581 (5th cir 1995).

Covid-19 infection is a serious medical need as stated in Cf.**Barker v. Brantley County**,832 F.supp 346,352 (S.D.Ga 2993),just like pneumonia is a serious medical need for protection and because it is still unknown the intial damage that can be suffered long after recovery of Covid-19 it could be a life long devastating handicapp or permanent loss of the type that requires serious medical care and protection for Constitutional purposes under the 8th Amendment forwhich all the defendants failed. See **Helling vu McKinney**,509 US 25 (1993);**Hill v. Dekalb Reg'l Youth Det.Cntr**,40 F.3d 1176,1178 (11thcir 1994).

Lack of adequate facilities and sanitation for facilites meaning only 8 toilets,8 sinks for 345 inmates including plaintiff,this filthy basic necessity was denied and helped the spread of covid-19.

These Covid-19 pre-existing inhumane conditions by lack of ventillation,lack of space |overcrowding|,lack of clean restrooms, combined were a breeding ground for any disease/virus including Covid-19.See **Brown v. Plata**,563 US 473,131 S.ct 1910 (2011),due to fecal matter left in showers daily because of the ratio of toilets 48.7 to 1 at full capacity in Houston Unit with not enough hours in the day to keep it clean but instead hazzardous.

"Unsanitary conditions |in this instant case plaintiff arrived Febuary 2018 inhumane conditions still exist to present date| that are so severe or **prolonged can "|U|nquestionably" violate the 8th Amendment."See** Anderson v. Libby Lobby Inc,477 **US** 242,1||6 **S.ct** 25@5 (1986);**Hudson v. McMillian**,503 US 1,9.,112 S.ct 9956 (1992).

Deprivation of adequate faiclities |toilets,ventillation ect| for elementary sanitation that the |Fifth Circuit| has observed "does give rise to Unconstitutional confinement."**Daigre v. Maggie**,718 F.2d 1310 (5thcir 1983).

In no enviornment would these conditions [toilet ratios, ventillation] be classified as humane,but instead Unconstitutional not withstanding overcrowded cells which violate policy.

As stated in **Newman v. Alabama**,559 F.2d 203 (5thcir 1975) population well overdesign [as in this instant case 107%] capacity sanitation and security is impossible to maintain,inadequate bathroom facilities,causing foul odors,lack of ventillation violate public health standards.See **Ruiz v. Estelle**,503 F.supp 2d 1265 (5thcir 1980), conditions alone that could not withstand constitutional deprivation, combined with Covid-19 became devestating,cruel and unusual punishment because 100's became sick and numerous died causing plaintiff unnecessary suffering with the possible long lasting future harm or injury

Overcrowding Houston unit caused unsafe and unsanitary conditions and " overcrowded...bunk living arraingements violate both PS § 1060.11 and Plaintiffs 8th Amendment rights.See **Haynes v. Bureau of Prisons**,2020 US Dist Lexis 226683,that caused covid-19 to spread at a faster rate than normal.

In **Gates v. Collier**,501 F.2d 1291 (5thcir 1974),this district court observed that correctional standards require a **minimum** of 50 square feet of living space per inmate,to have minimal lack of decency,as a standard of the BOP it less than half that rate an 8th Amendment violation before Covid-19 that increased the death rate and illness as well as the unnecessary suffering in houston unit

These living conditions fell Constitutionally short and violated PS § 1060.11

Not only was living conditions unconstitutional before covid-19, it became wide spread immediately where staff became scarce on that unit,making it difficult to not only get medical care but any sanitation supplys or soap during the worst part of covid-19 pandemic, therefore the government (i.e Defendants) failed their duty to protect this plaintiff,and it was unlawful and onerous treatment that initself added punitive measures to those legally metered out by the courts.See **Stickney v. List**,519 F.supp 617 (D.Nev 1981),a deprivation in such a magnitude as to allow the maintence of this

facility [or unit] that is and was wholly unfit for **human** habitation
See **Bell v. Wolfish**,441 US 520 (1970).
"Certain prison conditions [are] base,inhumane and barbaric that
they violate the 8th Amendment."See **Novak v. Beto**,455 F.2d 661(5th
cir 1971);**Palmer v. Johnson**,193 F.3d 346 (5thcir 1980)

The lack of soap,living space,sanitation,ventillation,
basic necessities during normal times violate the 8th Amendment
Contemporary Standards of Decency,but during a state of an emergency
is clearly barbaric.

II. ERIC WILSON,WARDEN FMC FT WORTH

Warden Wilson failed to protect this Plaintiff from
infectious disease/virus that caused unnecessary suffering due to
already stated inhumane pre-existing conditions of confinement and
deliberate indifferent to the serious risk because not only did he
fail to move vunerable inmates,he intentionally ignored their pleas
for help,pursuant to Compassionate Release as he was quoted as
stating in **United States v. Dodge**,17-10029-EFM "During Covid-19
FMC Ft.Worth has signed an **under** average amount of requests for
compassionate release,with 100% of requests in Dallas medical unit
[Plaintiff's now attending unit] being ignored or denied."

The Constitutional prohibition of cruel and unusual punishment
standard **requires** safe living quaters,including protection against
infectious disease/virus forwhich Warden's complete disregard for
plaintiffs safety violated with the loss of life for others. See
**Helling v. McKinney**,509 US 25 (1993)

The complete disregard for life itself and his failure to
supervise or train staff in any regards to covid-19 due to his
refusal to step foot in any unit. Recklessly infecting this entire
compound due to his failure to adhere to CDC requirements leaving

Plaintiff helpless and vunerable and unable to protect himself in such a congregated and dirty enviornment with the intermixing of infected inmates with the lack of adequate mitigating efforts risking long lasting transmission of Covid-19

Not only Warden Wilson's inability to cope but refusal to do so acting with a culpable state of mind in regards to Plaintiffs safety.

As stated by the local paper [Star-Telegram] which was quoted as saying "Suggesting that CDC social distancing is the course of action taken by FMC Ft.Worth clearly is not possible, that this or any other course of action taken by FMC Ft.Worth is problematic is misguided when both the prison Covid-19 infection and death rate are more than twice those of the general population,with FMC Ft"Worth earning a distinction as the facility with the second most cases in the country."See KALEY JOHNSON "ALRAMING"Covid-19 cases amoung Ft Worth prisoners and staff,all time high http;//WWW.star-telegram.com/now/local/fort-worth/Article 247681635.html

All defendants actions or in this case lack thereof amplified the spread of Covid-19

Defendant Eric Wilson and others failed to train,supervise staff in the handling of such a deadly virus,was advised of the situation but clearly ignored the warnings,refused to step-foot in any unit and by allowing inmates to literally be stacked on top of one another,no supervision to mitigating efforts clearly acting with a culpable state of mind establishing both prongs of the Deliberate Indifference standard and not prevent harm to the plaintiff violated his Constitutional rights"

"Severe discomfort or future harm can be Unconstitutional without imminent threatening health."**Folds v" Corley**,833 F.2d 52,54 (5thcir 1987),but Covid-19 made it imminent health threatening,protection, shortage of soap and sanitation and while all other units including

Austin unit installed plastic protective barrier doors for each room to eliminate the spread of covid-19,ignored Houston unit, which were never installed until plaintiff later filed a grievance after the unit population turned over to another unit manager who as well did not install doors until the worst part of outbreak was over because never showed up

The proscription of cruel and unusal punishment have been attributed to reaction to barbaric torturous punishment imposed by officials"See **Furman v Georgia**,408 US 238 (1972),in this case not the death penalty but the death toll by deliberate indifference by all defendants involved

Intentionally ignoring consequences and possibly facing loss of life by not protecting inmates such as plaintiff,to fail to remove vunerable inmates or alleviate overcrowding despite the knowledge of the serious harm or damage amounts to cruel and unsual punishment,deliberate indifference because not only was Warden Wilson aware of pre-existing conditions he totally ignored them See **Helling v. McKinney**,.509 US 25,113 S.ct 2475 (1993)

In 2020 it was declared by a Federal district court that FMC Ft.Worth's insufficient efforts and inadequate Covid-19 efforts caused sickness,suffering and loss of life See **United States v Johnson** 2020 WL 3618682(S.D.Tx 2020)

The Warden's [Eric Wilson] actions or lack thereof caused unnecessary suffering by failing to take precautions after discovering Covid-19 had been found at other BOP institutions,he failed to train staff in precautions that would have saved hundreds of sick and suffering and over 25 deaths that lost their lives due to his failure to supervise subordinates in the proper wearing of PPE's,thereby houston became contagious due to staff memebers going between units [floors]without any PPE protection until it was too late. The over-populated unit should have been reduced after discovering Covid-19 at other institutions,other infectious viruses,moving vunerable inmates such as plaintiff who did survive where others were not as lucky dying in bed,dying on the floor,dying while waiting to see medical in the medical waiting room,clearly establishing both prongs

of Deliberate Indifference ,objective and subjective

### III. B.P WALLER HOUSTON UNIT MNGR

At all relevant times B.P.Waller was Houston unit manager and Austins prior to covid-19 and during covid-19 failed to fix or make any attempts since Febuary of 2018 to change the inhumane conditions of confinement,the record will demonstrate grievances filed on such conditions but were totally ignored by all the defendants

Took no preventative precautions to protect Plaintiff,in fact became scarce during the majority of the pandemic,not supervising the proper wearing of PPE equiptment

Supreme Court in **Wilson v** Seiter,475 US 312 (1986) held that a claim that the conditions of a prisoner's confinement violated the 8th Amendment **requires** in inquiry into prison officials state of mind "whether one characterizes the treatement recieved by [the prisoner] as inhumane conditions of confinement,failure to attend to needs or a combination of both is appropriate to apply deliberate indifference standard" See **Helling v** McKinney,509 US 25 (1993)(" With respect to imposing infectious disease deliberate indifference is established/satisfied when official's ignore conditions of confinement that are sure or very likely to cause severe illeness or needless suffering with possible loss of life")

The clear lack of supervision or training staff clearly identifies existing conditions or practice that officials [all defendants] acts or ommissiions were sufficiently extended or persuasive proving intended practice,inhumane conditions of confinement thus the complete harm [as stated by plaintiff] is a particular set or acts or ommissions of one or more officials and deliberate indifference standard enunciated in **Estelle v. Gamble**,429 US 97,104, 97 S.ct 285 (1976) applies to this case by the actions of both B.P. Waller and other named defendants

It is clearly established both prongs subjective and objective,this prison official acted with deliebrate indifference to plaintiff's safety See **Farmer v Brennan**,511 US 825,114 S.ct 1970 (1994)

As the Supreme Court stated and reaffirmed that "deliberate indifference is a stringent standard of fault,as plaintiff has demonstrated defendants knew of the risks but disregarded them,an intentional choice when there [i.e B.P.Waller,Wilson,Williams] intentional choice from those merely unintentional,negligent or oversights" **Southard v Tex Bd Crim Justice**,114 F.3d 539,551 (5thcir 1997)(quoting **Bd of County Comm's v** Brown,520 US 397,410,117 S.ct 1382 (1997)

Subjective recklessness as used in the criminal law, is the appropriate test for deliberate indifference by B.P.Waller See **Farmer v Brennan**,511 US 825 (1994)

Constitutional deprivation of such a magnitude as to allow the maintence of facilites that are wholly unfit for human habitation cannot be tolerated See **Rhodes v Chapman**,452 US 337 (1981);**Whitley v Albers**,475 US 312 (1986)

The tragic combination of pre-existing inhumane conditions, lack of adequate supervision and training,lack of sanitation,violates PS 1060.11 due to overcrowding and lack of PPE protection,lack of mitigating efforts,failure to adhere to CDC guidelines,while allowing protective barriers crossed is deliberate indifference by B.P.Waller and all the defendants,because it caused the wide spread of covid-19 that caused plaintiff to unnecessarily suffer,while their 8th amendment duty to protect plaintiff from such hazzards

### III.S.WILLIAMS

Despite S.Williams later appearance during Covid-19,Unit Manage of Houston Unit,he failed to train or supervise staff the proper use of PPE until Covid was rampant,failed to enforce the

wearing of masks,failed to change pre-existing inhumane conditions of confinement,failed to take any mitigating efforts at all including putting up protective plastic doors as every other unit had months prior until grievances were filed Defendant was deliberate indifferent

to plaintiff safety and the risks of harm he faced,even after contracting Covid-19,inmates such as plaintiff layed in their bunks for days,weeks and were totally ignored unless completely fell out

There inhumane conditions is "unquestionably serious deprivation of basic human needs" See **Rhodes v Chapman**,452 US 337,101 S. ct2392 (1981),because defendants knew or should have known but instead choose to ingnore this situation acting "recklessly indifferent" to plaintiffs constitutional rights and acted with a culpable state of mind in regards to plaintiffs well being and safety,failing to take any mitigating efforts,follow CDC guidelines,remove vunerable inmates,provide adequate protection,provide adequate soap and sanitation supplys ect...clearly establishing both subjective and objective prongs of Deliberate Indifference under the 8th Amendment See **Farmer v Brennan**,511 US 825 (1994)

"Holding prisoners state cause of action...by alleging that official [S.Williams] acted with Deliberate Indifference by unnecessarily exposing him to unreasonable [Covid-19] risks of serious damage or future harm" **Hutto v Finney**,437 US 678 (1978),this Plaintiff has been needlessly exposed by all three defendants

Understaffing accompanied by unsanitary and dangerous conditions constitutes 8th Amendment violation See **Harris v Angelina County**,31 F.3d 331,335 (5thcir 1994), and overall amount of space violates prisoners existence,as in this instant case, it is inhumane to continue years on end See **Rhodes v Chapman**,452 US 337, 101 S ct 2392 (1981),including lack of ventillation and since ventillation is a fundamental attribute to 'shelter' it is a basic 8th amendment concern See **Gillespie v Crawford**,837 F.2d 42 (5thcir 1987)

The acts or ommissions by defendant Williams or lack thereof violated plaintiff's constitutional rights under the 8th amendnment

CONCLUSION

The unnecessary exposure to Covid-19 by all defendants in their individual capacities by their failure to take reasonable precautions to abate the risk of harm due to covid-19 especially after it was known to be at other facilities FMC Ft.Worth staff was filling in at and yet they still allowed new transfers and prison officials to work other institutions,with no PPE equiptment until fullblown Covid-19 outbreak,staff touching numerous inmates without changing gloves helping the spead of the virus,exposing plaintiff to injury,suffering and future harm amounting to cruel and unusual punishment because the 8th amendments guarantee of persons incarcerated to be free from cruel and unusual punishment,as part of that right the government [i.e Defendants]must protect plaintiff from substantial harm,for safety now and in the future See **Estelle v. Gamble**,429 US 97 (1976);**Farmer v Brennan**,511 US 825 (1994),forwhich all defendants failed

Intermixing of infectious prisoners throughout the compound including houston unit,without prior tests or quarantined including those who didnt show symptiomns carrying the virus is deliebrate indifferene

This 8th amendment obligation to protect plaintiff was impossible due to overcrowding and pre-existing inhumane conditions of confinement instead facilitated the rampid spread causing harm, furture harm and death

Plaintiff established a pattern of similar violations arising from both the lack of due care, lack of supervision andd recklessness which is clearly inadequate as to obviously result in a constitutional violation See **Thompson v Upshur**,245 F.3d 459 (5th cir 1991)

Consistently with this principal, a subject approach to deliberate indifference does **not** require a prisoner seeking "a remedy for unsafe prison conditions [to]await a tragic event before obtaining relief" **Helling v McKinney**,507 US 25,113 S ct 2475 (1993)

The appropriate definition of "deliberate indifference," under the 8th amendment is "subjective recklessness"See **Farmer v Brennan**,511 US 825 (1993),meaning plaintiff's deprivation resulted from the denial of minimial civilized measures,including protection from exposure to covid-19,because defendants acted with a culpable state of mind in regards to my safety [Deliberate Indifference] because they knew and have disregarded longtime and new risks, dangerous prison conditions establishing [in combination or as a whole] a violation of the 8th amendment, when "society concludes such risks to prisoner to be so great that it violates the Contemporary Standards of decency,by the unnecessary exposure of covid-19 See **Farmer v Brennan** 511 US 825 (1993),because all defendant displayed "deliberate indifference"and "reckless disregard" by failing to "act reasonably" in response to danger

"Severe discomfort"can be unconstitutional without imminent danger threatening health"**Fields v Corley**,833 F.2d 52,54 (5thcir 1987),but imminent threatening danger was apart of covid-19

"[T]he objective component...is met upon showing that prisoner faced substantial risk of harm...that risk society chooses not to tolerate **Farmer v. Brennan**,511 US 825 (1993)

Subjective prong is met when an excessive risk of harm but officials choose to ignore or disregard it,because it is obduracy and wantoness not inadvertence or error in good faith establishing deliberate indifference See **Wilson v Seiter**,501 US 294,115 L ed 2d 291 (1991)

"proximate or legal care is something more than "But for" causation it is substantial factor in these violations See **Chrisholm v Sabrie** 679 F.2d 60,66 (5thcir 1982)

Clearly insufficient mitigating efforts,pre-existing inhumane conditions,lack of supervision and training as a whole or combined violated Plaintiff's constitutional rights

PRAYER FOR RELIEF

[1]     Fix inhumane conditions of confinement throughout FMC Ft.Worth]

[2]     Order BOP to pay all court costs and fees due to their deliberate indifference

[3] $ 200,000.00 sum certain amount per defendant for the unnecessary exposure,pain,suffering and future harm,for Deliberate indifference,pre-existing inhumane conditions of confinement.for lack of training and supervision,for the reckless indifference to plaintiff's constitutional rights or time served and immediate release

[4]      DEMAND FOR JURY TRIAL

[5]      Any other relief deemed necessary or appropriate by this honorable court

WITHOUT PREJUDICE

DATE: 7/20/21

JAMES L. RUDZAVICE 36844177
James L. Rudzavice
FMC Ft.Worth,P.O.Box 15330
Ft"worth Tx 76119

VERIFICATION UNDER PENALTY OF PERJURY
      I,JAMES L RUDZAVICE,James L. Rudzavice,being duly sworn, depose,say and declare by my signature plaintiff is competent to state matters,statements are true,correct,complete and not misleading but the truth,the whole truth and nothing but to the truth to the best of my ability,i have not divested any monies,property or items of value for purpose of declaring,verifying this oath [28 USC § 1746, 18 USC § 1621]

DATE: 7/20/21

JAMES L RUDZAVICE
James L Rudzavice

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

---

Type or use ball–point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attach–ments must be submitted with this appeal.

From: RUDRANCE , James    L.    36844177    Dallas    FMC Ft.worth
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL    Rejection by Regional Administrative Remedy Coordinator violates 28 CFR § 542.17,because there was no reasonable criteria for rejection,BP-9 was already attached as well as Administrative Remedy Coordinator at FMC Ft.Worth's receipt stating response due April 18,2021 this inmates BP-10 was sent on April 27,2021 9 days after due date.PLRA has now been fulfilled and this administration as well as Regional Director's failure to respond to 8th Amendment violations is construed as True.The entire BOP has failed during Covid-19 pandemic.excuses do not prevent liability for the 100's of unnecessary deaths,nor does it change their obligation to provide humane living conditions which still hasnt been addressed
28 CFR § 542.17-criteria for rejection-"when deciding to reject a submission,coordinates,especially at Institutional level should be flexible,keeping in mind that major purpose of this program is to solve problems and be responsive to issues inmates raise"

---

DATE    SIGNATURE OF REQUESTER

Part B—RESPONSE

---

DATE    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

Part C—RECEIPT    CASE NUMBER: _____

Return to: _____    _____    _____    _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

---

DATE    ✪    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP–231(13)
APRIL 1982

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Rudzavice James L. | 36844-177 | Dallas | FMC FT.worth
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL**

The Federal Bureau of Prisons,i.e. FMC Ft. Worth Administration has failed to respond to Unconstitutional conditions of confinement, which every court in the United states will construe as admittance of guilt. This inmate has clearly demonstrated an 8th Amendment violation for which punitive damages could be awarded and injury due to covid-19 that could cause after effects for years to come due to deliberate indifference by staff,this fulfillment of the for actual injury and cruel and unusual punishment as stated in BP-8,BP-9.

4-27-21

DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:_____

**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Request For Administrative Remedy**

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

From: Rudzavice    James    L.    36844-177    Houston    FMC Ft.Worth
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST** Unit Manager Williams response did not address the inhumane conditions as a whole,and contradiction to the BOP's own statement numerous times that their facilities are well overcrowded. Overcrowding creates safety hazzards,breakdown in classifications,High,medium and low putting those in lower status in jeopardy,detioration of the physical condition of these units as stated by district court in **Harris v. Angelina County**,31 F.3d 331,335 (5thcir1994)("Violence and understaffing,accompanied by unsanitary and dangerous conditions constitute an 8th Amendment violation.") Overall amount of space violates prisoners existence, as in this case,it is inhumane to continue for years on end.See **Rhodes v. Chapman** 452 US 337,101 S.ct 2392(1981),this space allowed here per inmate is considered illegal for dogs. The black mold all over the place is a serious safety violation,including on ventillation and the lack of ventillation,since ventillation is a fundamental attribute to 'shelter' it is basic 8th Amendment concern.See **Gillespie v. Crawford**,833 F.2d 42(5thcir 1987),Many courts held inadequate ventilation violates the 8th amendment and contributes to unconstitutional combination.And lack of sanitation due to overcrowding and of facilites. "A sanitary enviorement is a basic human need.See **Gates v. Cook**,376 F.3d 323 (5thcir 2004).

3-24-21

      DATE                                    SIGNATURE OF REQUESTOR

**Part B– RESPONSE**

RECEIVED

MAY 03 2021

BUREAU OF PRISONS
LEGAL DEPARTMENT, SCRO

      DATE                                 WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

**ORIGINAL: RETURN TO INMATE**                            CASE NUMBER: _____

**Part C– RECEIPT**

                                          CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

BP-229(13)

FTW 1330.13(F)
October 31, 2012
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY - ATTEMPT AT INFORMAL RESOLUTION

Inmate Name: 'James Rudzavice                    Reg. No. 36844-177
     Unit: Houston                               Date: _____

Date Delivered to Inmate: 9.21.76                By (Staff Name): _____

Bureau of Prisons Program Statement 1330.13 requires that "An inmate will first present an issue of concern informally to staff before an inmate submits a Request for Administrative Remedy." Also, the staff member must try to resolve the complaint informally before the inmate will be given a BP-229(13) form.

1. Write your complaint in this space, as briefly as possible, including details and facts   which support your request.   Inhumane conditions of confinement, a combination of lack

adequate  ventillation, sanitation, not  enough  toilets, no  ventillation.. in

bathroom. see CONTINUATION PAGE
(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to BP-229(13) responses.)

2. What action do you wish to be taken to correct the situation?
   LOWER THE POPULATION, add bathrooms fix ventillation problems _____

3. What have you done to informally resolve this matter? To whom have you spoken?
 cannot informally resolve 8th Amendment violations _____

**************************************************************************************
Informal Resolution Submitted to (name of staff member): Mr. Williams  Date: 3.10.21
Date Received from Staff: 3-10 c  (Response should ordinarily be within 3-5 calendar days).

The unit staff member who has attempted to resolve the matter informally will indicate below the efforts he has made. Be specific, but brief:
   The FACilities deparment is waiting on a part to fix the
       AC in the Unit. The Units population is not over the
   Approved Unit Quota

Responded to by: _R Williams_                    Date: _3/12/2021_

Reviewed by Unit Manager: _R William_          Date: _3/12/2021_
**************************************************************************************
BP-229(13) Delivered to Inmate by: _____     Date: 3-22-21

CONTINUATION PAGE BP-8½ CRUEL AND UNUSUAL PUNISHMENT

The Facilities in this Unit [Toilets] violate the contemorary standards of decency. The ventillation of lack thereof combined with lack of sanitation because there is not enough time in the day to properly sanitize 8 toilets when the ratio per toilet is between 28 to 1 or at full capacity 48.7 to one with no adequate ventillation making the bathroom smell of foul odors all the time .

Due to the significant number of inmate use of these toilets to the above named ratio's,there is not enough time in a day to properly sanitize Unsanitary conditions that are severe or prolonged [in this case it has been in dissaray for over 2 years] can "[U]nquestionably violate the 8th Amendment."See Anderson v. Libby Lobby Inc,477 US 242,106 S.ct 2505(1986); Hudson v. McMillian,503 US 1,9,112 S.ct 9956(1992)

The 8th Amendment affords prisoners protection against exposure to egregrious physical conditions that deprive them of the basic human needs. See Rhodes v. Chapman,452 US 337,101 S.ct 2392 (1981),lack of adequate ventillation.See Gillespie v. Crawford,833 F.2d 47 (5thcir 1987)

The combination of lack of ventillation,lack of adequate sanitation, lack of adequate facilities [toilets],overcrowded during the pandamic causing clear physical damage to all inmates demonstrates Deliberate Indifference because of pre-exisiting conditions of confinement that fell way short of both policy [PS § 1060.11] and the 8th Amendment contemporary standards of decency that made the Covid-19 threat worse.

Inadequate ventillation,mold and lack of sanitation,urine on bathroom floors all the time,lack of toilets,sinks,this combination is so egregrious as to deprive the minimal civilized measure of life's necessities that it violates the 8th amendment.See Woods v. Edwards,51 F.3d 577(5thcir 1995); Armour v. Davis,2020 U.S. Dist Lexis 94986 (5thcir).

The standard of living before and after Covid-19 fail the 8th Amendment standards of decency.

Any retaliation due to this First Amendment protected speech violates 28 CFR § 40.9 "Reprisals," and is actionable under the color of law.

JAMES L. RUDZAVICE 36844177
Federal Medical Center
Pro Box 15330
Fort worth Tx 76119



CLERK of the Court
U.S District Court, N. DIST. Texas
501 W. TENTH Street, Rm 310
Fort worth TY 76102