UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAMES RUDZAVICE,
(Reg. No. 36844-177),

      Plaintiff,

v.                                                                                  No. 4:21-cv-0176-P

ERIC WILSON, Warden (former)
FMC–Fort Worth, et al.

      Defendants.

### MEMORANDUM OPINION and ORDER

In this case, Bureau of Prisons ("BOP") inmate/plaintiff James Rudzavice ("Rudzavice") asserts claims against individual government defendants Eric Wilson, former Warden at FMC–Fort Worth, and two FMC–Fort Worth Unit Managers, B.P. Waller and S. Williams. Am. Compl. 1, 3, 4-6, ECF No. 27. By an Opinion and Order Regarding Screening under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), the Court allowed service of process of Rudzavice's claims upon these three individual defendants. ECF No. 28. Now pending is the initial motion for summary judgment of the defendants (ECF No. 54), along with a brief in support (ECF No. 55) and an appendix (ECF No. 56). Rudzavice filed a response, labeled a "Traverse" (ECF No. 59), a supplemental response, also labeled a "Traverse" (ECF No. 63), and a separate motion to appoint counsel (ECF No. 57). The defendants also have filed a response to the motion for counsel and a reply to Rudzavice's response to the summary judgment motion. (ECF Nos. 60, 61). After considering the relief sought by Rudzavice, the record, briefing, and applicable law, the Court finds that the motion for appointment of counsel must be **DENIED** and concludes that the motion for summary judgment must be **GRANTED**, such that all Rudzavice's claims must be **DISMISSED** for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).

### BACKGROUND/PLAINTIFF'S PLEADINGS

This case was originally opened when Rudzavice purported to represent a class of numerous other inmates at FMC–Fort Worth. ECF No. 1. The class certification motion was denied, but the other cases were severed into individual cases for each inmate with individual case numbers. ECF Nos. 4, 5. Rudzavice's claims only

continued in this case number: 4:21-CV-0176-P. ECF No. 5.

Rudzavice, like the other inmates, was initially directed to complete and file his claims on the Court's civil-rights complaint form. ECF No. 5. Before the deadline to comply, however, on March 8, 2021, Rudzavice filed an interlocutory appeal, and the Court thus stayed this case pending the resolution of that interlocutory appeal. ECF No. 14. On May 10, 2021, the United States Court of Appeals for the Fifth Circuit issued a judgment as mandate dismissing the appeal. ECF No. 18. This Court next extended the time for Rudzvice to file an amended complaint. ECF No. 19. Rather than respond, however, Rudzavice filed a motion to reinstate the case, in which he asserted arguments in an effort to avoid the imposition of the Prison Litigation Reform Act ("PLRA") filing fee payment requirements. ECF No. 21. The Court denied that motion, but once again expressly extended the time for Rudzavice to file his claims on "a completed civil rights complaint form." ECF No. 22. After the issuance of an additional deficiency order, Rudzavice finally complied with the Court's order on July 23, 2021 by completing and filing a form civil rights complaint with attachment pages as an amended complaint. Am. Compl., ECF No. 27.

The July 23, 2021 amended complaint named only the three defendants noted above. Am. Compl. 1, 3, 4-6, ECF No. 27. Although Rudzavice has also incorporated an attachment to his live pleading entitled "Memorandum of Law in Support of 'Bivens' Action Pursuant to 28 U.S.C. § 1331" (pages 11-22), because those pages also include factual allegations against the three named defendants, the Court previously determined that those pages are incorporated and considered as a part of Rudzavice's amended complaint. Am. Compl. 11-22, ECF No. 27; ECF No. 28.

In the amended complaint, Rudzavice generally alleges that the defendants violated his rights during the COVID-19 pandemic, including by causing Rudzavice to be exposed to and to contract COVID-19. Am. Compl. 3-6, ECF No. 27. Warden Wilson is alleged to have injured Rudzavice by his "direct and indirect failure to train [and] supervise his staff," "by ignoring pre-existing unconstitutional conditions of confinement," and by causing "the unnecessary exposure to deadly COVID-19 and failure to protect [Rudzavice]," who was infected with COVID-19. *Id.* at 4. Similar allegations are made against Unit Managers Waller and Williams, who are alleged to have "fail[ed] to train staff or supervise" in connection with COVID-19 preventative measures and to not have taken appropriate preventative measures to

protect inmates, including Rudzavice, from exposure to COVID-19. *Id.* at 5, 6. For relief, Rudzavice seeks "$ 200,000.00 sum certain amount per defendant," plus "court costs and fees." *Id.* at 21, 22. The amended complaint also includes a request to "[f]ix inhumane conditions of confinement throughout" FMC Fort Worth. *Id*. at 21.

The Court allowed Plaintiff to serve his amended complaint on the three defendants. ECF No. 28. The defendants initially appeared through the filing of a motion to dismiss under Federal rule of Civil Procedure 12(b)(6), along with a motion for leave to file an initial summary judgment motion limited to the issue of exhaustion of administrative remedies. ECF Nos. 40, 42. After considering briefing by the parties, the Court granted the motion for leave to file the initial motion for summary judgment, such that the summary judgment motion, brief, and appendix were then separately filed on the docket. ECF Nos. 53–56. The motion for summary judgment is ripe for resolution.

The defendants move for summary judgment in their favor on the basis that Rudzavice failed to exhaust available administrative remedies prior to filing this action. Indeed, the failure to exhaust is evident on the face of the pleadings, because Rudzavice included with his amended complaint copies of administrative-remedy requests he submitted to the BOP relating to his allegations in this case—but those documents show that Rudzavice only began using the administrative-remedy process *after* he had already filed this suit. Am. Compl. Exhibits 23–26 (administrative-remedy documents showing that Rudzavice began the administrative process in March 2021), ECF No. 27; Complaint, ECF No. 1 (original complaint filed on February 18, 2021).

**SUMMARY JUDGMENT EVIDENCE**

As noted, Defendants have filed an appendix in support of the motion for summary judgment that includes a total of 80 pages of records. App. 1-80, ECF No. 56. In particular, the appendix includes the November 29, 2021 Declaration of FMC–Fort Worth Executive Assistant Shelly Starnes, along with 60 pages of BOP Sentry Computerized Records and four pages of copies of administrative-remedy documents submitted by Rudzavice. App. 4-80 (Starnes Declaration with Attachments 1 and 2), ECF No. 56. Plaintiff has not provided any summary judgment evidence in response to the summary judgment motion.

3

## SUMMARY JUDGMENT STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. FED. R. CIV. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. FED. R. CIV. P. 56(c)(1). Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* FED. R. CIV. P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992). Instead, parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (other citation omitted)). In evaluating whether summary judgment is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted) (internal quotation marks omitted). "After the non-movant [here, Rudzavice] has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Nevertheless, a motion for summary judgment for failure to exhaust is treated slightly differently. *See, e.g., Dillon v. Rogers*, 596 F.3d 260, 272–73 (5th Cir. 2010).

"Exhaustion resembles personal jurisdiction and venue in that it is an affirmative defense that allows defendants to assert that plaintiffs have not invoked the proper forum for resolving a dispute." *Id.* at 272 (citing *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)). Stated differently, exhaustion of administrative remedies is a "rule of judicial administration" that is akin to doctrines like 'abstention, finality, and ripeness . . . that govern the timing of federal court decision making.'" *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (other citation omitted)). Since exhaustion of administrative remedies is a "threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, we conclude that judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* (citation and footnote omitted).

## ANALYSIS

A.   **Prison Litigation Reform Act ("PLRA") Exhaustion Requirement**

The PLRA provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). The Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639–40 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") (citing *Porter*, 534 U.S. at 524). The only "textual exception to mandatory exhaustion" in the PLRA is the "availability" of administrative remedies. *Ross*, 578 U.S. at 642. To determine what remedies are "available" and thus must be exhausted, courts look to "the applicable procedural rules . . . defined . . . by the prison grievance process itself." *Jones*, 549 U.S. at 218. Administrative relief is "available" so long as the prison administrator has the authority to take some action in response to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth*, 532 U.S. at 736. As

a result, "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639.

The Fifth Circuit has taken a strict approach to the exhaustion requirement. *Wilson v. Epps*, 776 F.3d 296, 299–300 (5th Cir. 2015) (quoting *Dillon*, 596 F.3d at 268) ("[P]risoners must not just substantially comply with the prison's grievance procedures, but instead must 'exhaust available remedies properly.'") The Fifth Circuit has also recognized that "[w]hen a defendant asserts the defense of lack of exhaustion, the district court should rule on [the exhaustion] issue before allowing the case to proceed to the merits." *Nottingham v. Finsterwald*, 582 F. App'x 297, 297–98 (5th Cir. 2014) (citing *Dillon*, 596 F.3d at 265) (internal quotations omitted). And exhaustion must have occurred *before* the lawsuit is filed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2021); *see also Covarrubias v. Foxworth*, No. 6:13-CV-812, 2017 WL 1159767, at *3 (E.D. Tex. Mar. 29, 2017) (looking to whether administrative remedies had been exhausted "at the time of the filing of the original complaint" rather than at the time of the filing of any amended complaint). Also, when a prisoner can no longer comply with the exhaustion requirement because the deadline for completing the administrative remedy has passed, the court may dismiss the suit with prejudice. *See Johnson v. La. Dep't of Pub. Safety & Corr.*, 468 F.3d 278, 280–81 (5th Cir. 2006) (per curiam). Courts are not "to inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; rather, "prisoner[s] must exhaust such administrative remedies as are available, whatever they may be."*Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003) (per curiam) (internal quotation marks omitted) (citing *Booth*, 532 U.S. at 740 n. 5; *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

**B.     Application of Exhaustion Requirement to Review of Rudzavice's Records**

As an inmate at FMC–Fort Worth, plaintiff Rudzavice was required to exhaust the BOP's multi-step grievance process prior to filing his lawsuit. *See Hicks v. Garcia*, 372 F. Appx. 557, 557 (5th Cir. 2010) (per curiam) (citing 28 U.S.C. § 1997e(a)) ("Under the Prison Litigation Reform Act, inmates must exhaust 'such administrative remedies as are available' prior to bringing a civil action."). As relevant to Rudzavice as a federal inmate, codified BOP regulations define the grievance procedures. *See* 28 C.F.R. §§ 542.10 *et seq*. First, a prisoner must attempt to informally present the

6

issue to staff. 28 C.F.R. § 542.13(a). If that fails, the prisoner may then submit a "Request for Administrative Remedy" to the prison's warden. *Id*. at §§ 542.13(a), 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the BOP's regional director. *Id*. at § 542.15(a). If the prisoner is unsatisfied with the regional director's response, he may appeal to the BOP's general counsel. *Id*. The regulations also provide that if a "request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare", the warden must respond within three days after filing. *Id.* at § 542.18. As this Court has explained, "[a]dministrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels." *Wood v. Carr*, No.4:20-CV-1365-P, 2021 WL 2207202, at *3 (N.D. Tex. June 1, 2021).

Here, a review of the administrative-remedy records maintained by the BOP in the ordinary course of business shows that Rudzavice did not timely exhaust administrative remedies with respect to the matters complained of in this lawsuit. Specifically, as shown in the declaration of BOP official Starnes submitted in support of the defendants' summary-judgment motion, Rudzavice did not exhaust administrative remedies with respect to his allegations in this lawsuit prior to filing suit. *See* App. 3–10 (summary of Rudzavice's history of administrative-remedy requests, which includes requests relevant to his claims in this lawsuit only after the lawsuit had already been filed), ECF No. 56; *see also* App. 74–77 (relevant administrative-remedy request and related documents for Rudzavice, submitted after this lawsuit had already been filed), ECF No. 56.

Any argument that Rudzavice should be excused from the exhaustion requirement or that administrative remedies were somehow unavailable to him must fail. The Fifth Circuit has held that exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion. Time and again, [the Supreme] Court has taken such statutes at face value—refusing to add unwritten limits onto their rigorous textual requirements." *Ross*, 578 U.S. at 639 (citations omitted). "And there is no COVID exception to the PLRA's exhaustion requirement." *Valentine v. Collier*,

993 F.3d 270, 294 (5th Cir. 2021) (Oldham, J., concurring).

The BOP's administrative-remedy records show that Rudzavice did have access to the administrative-remedy process and was able to successfully file a number of administrative-remedy requests before or around the time this lawsuit was filed in February 2021. *See, e.g.*, App. 6–8 (discussing various administrative-remedy requests submitted by Rudzavice between June 2020 and March 2021), ECF No. 56. Moreover, Rudzavice was able to engage in other activities similar to what is required to exhaust administrative remedies during this time (e.g., preparing a written document and mailing it to a specific recipient). For example, he was able to file this lawsuit, as well as an interlocutory appeal from this Court's severance order. *See, e.g.*, Complaint, ECF No. 1; March 8, 2021 Notice of Appeal, ECF No. 12. Finally, there is no basis for any argument that administrative remedies were somehow unavailable to Rudzavice in the sense that prison officials would have lacked authority to take any action in response to complaints of the type asserted by him in this lawsuit relating to his conditions of confinement. *See Booth*, 532 U.S. at 736. To the contrary, the fact that Rudzavice is claiming that the defendants were deliberately indifferent to his needs operates as a tacit concession that prison officials did have authority to take certain actions that Rudzavice alleges were needed—otherwise, there could be no allegation of deliberative indifference if the defendants were utterly powerless to alleviate these matters in any respect.

**C.     Rudzavice's Arguments Challenging the Exhaustion Requirement**

Rudzavice filed a "traverse" which the Court has construed as a response to the motion for summary judgment. Resp. 1-3, ECF No. 58. In that document, Rudzavice first argues that no defendants in the case have filed a "notice of appearance" listing either United States Attorneys Chad E. Meacham or Brian W. Stoltz or anyone else as counsel, and therefore he claims the defendants' filings should be stricken from the record. Resp. 1, ECF No. 58. Rudzavice notes that he is suing the defendants in their individual capacities and appears to suggest that it is somehow improper for the U.S. Attorney's Office to represent the defendants. *Id.* In his supplemental traverse, Rudzvice repeats these same or similar challenges. Suppl. Resp. 1-2, ECF No. 63. Review of the record shows there is no legal support for Rudzavice's responsive arguments.

8

On the issue of a notice of appearance, the defendants have fully "appeared" in the case by filing, among other things, a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 40. Pursuant to Rule 12(a)(4), the effect of such a motion is that the defendants' deadline to file a responsive pleading (here, an answer) is extended until after the motion to dismiss is ruled on or postponed until trial. *See* Fed. R. Civ. P. 12(a)(4). Rudzavice has not identified any provision within the Federal Rules of Civil Procedure (or elsewhere) requiring a defendant to file a document entitled "notice of appearance" in order to officially "appear" in the case. It is a common practice for a defendant's initial filing in a case to be either an answer or a Rule 12 motion.

Rudzavice likewise cites no authority establishing that it is somehow improper for the government, through the U.S. Attorney's Office, to represent the defendants in this litigation. Rather, it is a longstanding practice of the Department of Justice to provide representation to federal employees sued in an individual capacity when the matter arises from the scope of employment or when it is otherwise in the interest of the United States. *See* 28 C.F.R. § 50.15(a); *see also* 28 U.S.C. § 517 (authorizing the Attorney General to send any officer of the Department of Justice to any court of the United States or of a state in order to "attend to the interests of the United States"). Additionally, Rudzavice fails to show that he is somehow entitled to challenge or seek review of the fact that the Department of Justice is representing the defendants in this case. *See Falkowski v. E.E.O.C.*, 783 F.2d 252, 255 (D.C. Cir. 1986) (explaining that "the Attorney General has long possessed the power to decide whether to provide counsel for a federal employee," and "neither the statute, nor any regulation, nor any administrative practice cabins this discretion or furnishes any standard by which to review the Attorney General's determinations in this area") (footnotes and citations omitted).

Rudzavice next cites Rule 14 of the Federal Rules of Civil Procedure—the rule governing third-party practice—and asserts that the "third party defendants" have improperly held him to "the same strict standard of pleadings litigated by attorneys." Resp. 1, ECF No. 58. This argument also fails. Rule 14 is not implicated here because there are no third-party defendants in the case. And the defendants have moved for summary judgment on the basis that Rudzavice did not exhaust administrative remedies prior to suit as required by the PLRA. Resolution of that question turns on

9

what the relevant record evidence shows and whether exhaustion did or did not occur. Resolving whether Rudzvice completed exhaustion is not a pleadings issue, and his reference to the practice of liberally construing pro se litigants' pleadings has no bearing on whether there is any genuine issue of material fact regarding exhaustion.

As noted, Rudzavice's burden at summary judgment is to present actual evidence in support of his claims. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994) (explaining that if "a party cannot produce proof that it has facts to support its case, then the case should be resolved at that point" via summary judgment). Mere assertions, allegations, or arguments that are not supported by competent evidence do not suffice. *See RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) (explaining that conclusory allegations, speculation, and unsubstantiated assertions are not competent summary-judgment evidence and will not satisfy the plaintiff's burden).

Rudzavice has not provided any evidence establishing or even creating a fact dispute about whether administrative remedies were exhausted prior to filing this suit. The responses were not accompanied by any appendix of supporting materials, and Rudzavice has not provided any evidence rebutting the defendants' showing that exhaustion had not occurred at the time suit was filed. *Cf.* N.D. TEX. L. CIV. R. 56.6(a) (requiring an appendix if a party "relies on materials in the record . . . to support or oppose a motion for summary judgment").

In sum, Rudzavice failed to comply with the PLRA's mandatory requirement to exhaust administrative remedies prior to filing suit. This issue is controlling and entitles the defendants to summary judgment in their favor. *See also Mixon v. Carr*, No. 4:20-CV-0854-P, 2021 WL 5052659, at *1 (N.D. Tex. Nov. 1, 2021) (granting summary judgment for the government defendants in a case filed by federal inmates challenging COVID-19-related conditions of confinement at Federal Medical Center, Carswell).

## APPOINTMENT OF COUNSEL

The Court previously denied Rudzavice's motion for the appointment of counsel. ECF No. 10. In spite of that prior ruling, Rudzvice has again filed a motion for appointment of counsel. Mot. Counsel 1-2, ECF No. 57. Although district courts "may request an attorney to represent any person unable to afford counsel" under the in forma pauperis statute, 28 U.S.C. § 1915(e)(1), "[i]n a civil case, an attorney should

be appointed only under exceptional circumstances," *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (citation omitted). In deciding whether a civil case presents "exceptional circumstances," courts consider:

> 1. "the type and complexity of the case;"
>
> 2. the plaintiff's ability to "adequately . . . present and investigate his case;"
>
> 3. the presence of evidence of "conflicting testimony" that will require "skill in presentation of evidence and in cross examination;" and
>
> 4. the likelihood that the appointment "will benefit" the Court and the parties "by 'shortening the trial and assisting in a just determination.'"

*Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982)).

After review and consideration of the motion for appointment of counsel under the exceptional circumstances standard and the enumerated factors, the Court concludes that Rudzavice has not met those factors and that the motion must be denied for the reasons stated in the Defendants' response to the motion for appointment of counsel. Resp. to Mot. Counsel 3-8, ECF No. 60.

## CONCLUSION and ORDER

It is therefore **ORDERED** that plaintiff James Rudzavice's motion for appointment of counsel (ECF No. 57) is **DENIED**.

It is further **ORDERED** that defendants motion for summary judgment on the basis of exhaustion of administrative remedies (ECF No. 54) is **GRANTED,** such that all plaintiff James Rudzavice's claims are **DISMISSED WITH PREJUDICE.**[1]

**SO ORDERED** on this **7th day** of **July, 2022**.

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1] Defendants separately filed a motion to dismiss on several grounds. Mot. Dismiss 2-13, ECF No. 40. Because all Rudzavice's claims in this case must be dismissed on the basis of lack of exhaustion, the Court does not reach the arguments in the motion to dismiss, and that motion (ECF No. 40) is **DISMISSED** as moot.